IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50808
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS PINALES-LOPEZ,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. DR-97-CR-454-1
- - - - - - - - - -
July 22, 1999

Before JOLLY, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Luis Pinales-Lopez was found guilty by jury verdict of assault on an officer, enhanced penalty, and was sentenced to 45 months' imprisonment, three years' supervised release, and no fine.  He argues on appeal that the district court erred by allowing the prosecutor to cross-examine him regarding his two prior arrests for illegal entry into the United States.  We give the district court's evidentiary rulings great deference and review them for an abuse of discretion.  United States v. Anderson, 933 F.2d 1261, 1267-68 (5th Cir. 1991).

---

[*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Evidence of extrinsic offenses is not admissible to prove the character of a person in order to show that he acted in conformity therewith but may be admitted for other purposes. Fed. R. Evid. 404(b). The Government concedes that the evidence in the instant case does not fall within the scope of Fed. R. Evid. 608 and 609 but argues that it was admissible under the exceptions listed in Fed. R. Evid. 404(b). However, because the Government failed to provide reasonable notice of its intended use of this evidence, the Government's argument fails. See Fed. R. Evid. 404(b).

The erroneous admission of extrinsic evidence is reviewed under the harmless-error doctrine. United States v. Liu, 960 F.2d 449, 452 (5th Cir. 1992). A nonconstitutional trial error is harmless unless it had "substantial and injurious effect or influence in determining the jury's verdict." Kotteakos v. United States, 328 U.S. 750, 776 (1946). Given the significant amount of evidence of Pinales-Lopez's guilt, we find that any error in admitting the evidence of Pinales-Lopez's prior arrests was harmless.

AFFIRMED.